**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GE RENEWABLES NORTH AMERICA, LLC,

                             Plaintiff,

                    v.

SKF USA INC.,

                             Defendant.

Case No.: 1:23-cv-09274-PKC

### DECLARATION OF JEFFREY MARCHOZZI IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE OR COMPEL ARBITRATION

I, Jeffrey Marchozzi, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am over the age of 18 and am generally familiar with the Plaintiff's allegations in the above-captioned matter. Except where otherwise indicated, all of the information contained herein is based on my personal knowledge and recollection. If called and sworn as a witness, I could and would competently testify to these facts.

2.      I am currently Key Account Manager-Seals at SKF USA Inc. ("SKF"), a position I have held since January 2023. I respectfully submit this Declaration in support of Defendant SKF's Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue or Compel Arbitration.

3.      SKF is a corporation organized under the laws of Delaware. SKF's principal place of business and headquarters are in Lansdale, Pennsylvania.

4.      SKF is a leader in rolling bearings and related technologies including sealing solutions, lubrication systems, and services.

5.      I have reviewed the Amended Complaint filed by GE Renewables North America, LLC ("GERNA") on or about February 20, 2024, and am familiar with the claims alleged therein against SKF.

6.      SKF and the entity now known as GERNA entered into a Supply Agreement on or about January 1, 2015 (the "Supply Agreement"), in connection with GERNA purchasing from SKF mainshaft bearings used in wind turbines.

7.      All purchases under the Supply Agreement were subject to the issuance of purchase orders by GERNA pursuant to the Purchase Terms annexed to the Supply Agreement "and any agreed updates, changes, and modifications to the same." Supply Agreement ¶ 1(c).

8.      The Supply Agreement states that the Supply Agreement and the Purchase Terms annexed to the Supply Agreement take precedence over any individual order, drawing, specification, or related documents.  As part of the Supply Agreement, GERNA agreed to the following terms, among others:

> All Orders, acceptances and other writings or electronic communications between the parties shall be governed by this Agreement, and it is intended that reference to this Agreement shall include all appendices hereto and, in case of conflict, the following order of precedence will prevail: i) this Agreement; ii) the Appendices to this Agreement; iii) individual Orders; and iv) drawings, specifications and related documents specifically incorporated herein by reference."

Supply Agreement ¶ 1(c).

9.      SKF did not solicit the Supply Agreement in New York. The vast majority of the Supply Agreement negotiations were conducted via conference call. Most of the GERNA employees with whom SKF negotiated the Supply Agreement were located in Budapest, Hungary. There was one GERNA employee who was based in New York, and another was based in Colorado.

10.     The engineering and technical negotiations for the Supply Agreement involved SKF employees located in Lansdale, Pennsylvania.

11.     SKF did not agree or contract to supply goods to GERNA in New York.

12.     SKF never entered New York to perform any obligation under the Supply Agreement or any purchase order.

13.     The mainshaft bearings were manufactured outside of New York, and then delivered to Florida or South Carolina. At no time did SKF manufacture the bearings at issue in New York.

14.     The Supply Agreement and purchase orders at issue in this action did not provide for shipment of the mainshaft bearings to New York. The Supply Agreement does not stipulate a location for delivery of any of the mainshaft bearings.

15.     SKF did not collect New York sales tax in connection with the Supply Agreement or any purchase order.

16.     The Notice section of the Supply Agreement required notices to be sent directly to a GERNA employee located in Hungary, with a courtesy copy to "Attn: Sourcing Counsel" located at General Electric's—not GERNA's—office in Schenectady, New York. *See* Supply Agreement ¶ 4. Notices to SKF were to be sent to SKF personnel in Lansdale, Pennsylvania.

17.     The documents and witnesses in or under SKF's possession, custody, and control that contain or have information pertaining to the Supply Agreement and purchase orders, or the mainshaft bearings generally, are located in the Commonwealth of Pennsylvania. No such documents or witnesses are located in the State of New York. SKF and the witnesses upon whom it expects to rely will be substantially inconvenienced if this matter is litigated in the Southern District of New York. I live and work in Plymouth Meeting, Pennsylvania. Other SKF representatives and witnesses with knowledge of the relationship and dispute between SKF and GERNA are located in the Commonwealth of Pennsylvania (including, but not limited to, Dayananda Raju, Innovation Leader, Mounted Products division) and in states other than New York.

18.     SKF did not expressly agree at any time that the choice of jurisdiction and venue clause in the Original Supply Agreement (*see* Supply Agreement, App. 2 at § 21.1) would be superseded by any later agreement with GERNA.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2024,
in Plymouth Meeting, Pennsylvania

JEFFREY MARCHOZZI