UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GE RENEWABLES NORTH AMERICA, LLC,

                Plaintiff,

   v.

SKF USA INC.

                Defendant.

Case No.: 1:23-cv-09274-PKC

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE, OR COMPEL ARBITRATION**

**DUANE MORRIS LLP**

Christopher W. Healy
C. Neil Gray
1540 Broadway
New York, NY 10036
(212) 692-1000

John I. Coster IV
Gabrielle Pelura
230 Park Avenue, Suite 1130
New York, NY 10169
(212) 818-9200

*Attorneys for Defendant
  SKF USA Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .........................................................................................1

ARGUMENT .......................................................................................................................1

I. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED TO THE
   NORTHERN DISTRICT OF GEORGIA. ...............................................................1

II. GERNA HAS NOT MADE A PRIMA FACIE SHOWING OF PERSONAL
    JURISDICTION OVER SKF. .................................................................................4

   A. GERNA does not assert jurisdiction under the "supply goods or services"
      prong of CPLR § 302(a)(1). .......................................................................... 4

   B. GERNA did not plead the "transaction of business" prong of § 302(a)(1). ........... 4

   C. SKF performed the agreement outside of New York. ............................................ 8

   D. The U.S. Constitution prohibits exercise of personal jurisdiction over SKF
      given SKF's lack of minimum contacts with New York. ....................................... 8

III. THE COURT SHOULD DISMISS GERNA'S BREACH OF WARRANTY
     CLAIMS. ..................................................................................................................9

CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Atlantic Marine Constr. Co. v. U.S. Dist. Court*,
  571 U.S. 49 (2013) .................................................................................................. 3

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
  171 F.3d 779 (2d Cir 1999) ...................................................................................... 4

*Berkshire Cap. Grp., LLC v. Palmet Ventures, LLC*,
  307 F. App'x 479 (2nd Cir. 2008) ......................................................................... 5, 7

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  137 S. Ct. 1773 (2017) .............................................................................................. 8

*Cutco Indus., Inc. v. Naughton*,
  806 F.2d 361 (2d Cir. 1986) ..................................................................................... 7

*GE Transp. Parts LLC v. Cent. Ry. Mfg.*, LLC,
  468 F. Supp. 3d 607 (S.D.N.Y. 2020) ...................................................................... 9

*Gordian Group, LLC v. Syringa Exploration, Inc.*,
  168 F. Supp. 3d 575 (S.D.N.Y. 2016) ...................................................................... 7

*Navaera Scis., LLC v. Acuity Forensic Inc.*,
  667 F. Supp. 2d 369 (S.D.N.Y. 2009) ...................................................................... 6

*Online Payment Solutions, Inc. v. Svenska Handelsbanken AB*,
  638 F. Supp. 2d 375 (S.D.N.Y. 2009) ...................................................................... 9

*Orchard Yarn & Thread Co. v. Schaub*,
  No. 17 Civ. 2477 (JMF),
  2018 WL 2694433 (S.D.N.Y. June 5, 2018) ............................................................. 8

*Premier Lending Services, Inc. v J.L.J. Assoc.*,
  924 F Supp 13 (S.D.N.Y. 1996) ............................................................................... 7

*Smith v. Bain*,
  123 F. Supp. 632 (M.D. Pa. 1954) ........................................................................... 2

*Sunward Elecs., Inc. v. McDonald*,
  362 F.3d 17 (2d Cir. 2004) .................................................................................. 5, 6

*Three Five Compounds, Inc. v Scram Tech., Inc.*,
  No. 11 Civ. 1616 (RJH),
  2011 WL 5838697 (S.D.N.Y. Nov. 21, 2011) ......................................................... 6

*Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Phillip Constr. Grp. Corp.*,
  No. 21 Civ. 2411 (JGK),
  2021 WL 3604575 (S.D.N.Y. Aug. 12, 2021) .......................................................... 3

*United States Theatre Corp. v. Gunwyn/Lansburgh L.P.*,
  825 F. Supp. 594 (S.D.N.Y. 1993) ........................................................................... 6

*Ye Olde Time Keepers, Inc. v. C.R. Martin Auctioneers, Inc.*,
   No. 17 Civ. 4377 (ADS),
   2018 WL 1832930 (E.D.N.Y. Apr. 17, 2018) ............................................................................... 8

**Statutes**

28 U.S.C. § 1406(a) ............................................................................................................................ 1

**Rules**

N.Y. CPLR § 302(a)(1) ..................................................................................................................... 4

## PRELIMINARY STATEMENT

GERNA concedes that this Court is not the proper venue for this action. On that basis alone, the Court should dismiss this action. Further, in its Amended Complaint and Opposition, GERNA fails to offer any meritorious arguments or facts that warrant a transfer of this action to the Northern District of New York as it requests or that could support a finding that this Court has personal jurisdiction over SKF. GERNA either concedes or fails to dispute the facts (as applied to the *Wickers Sportswear* factors) that are both material to SKF's motion and dispositive of GERNA's claims. The totality of the circumstances demonstrates that GERNA fails to carry its burden of making a *prima facie* showing of personal jurisdiction over SKF.

## ARGUMENT

### I. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED TO THE NORTHERN DISTRICT OF GEORGIA.

GERNA concedes that venue in the Southern District of New York is improper. (Memorandum in Opposition to SKF's Motion to Dismiss ("Opp.") (ECF No. 42) at 11.) On that basis alone, this Court should dismiss the Amended Complaint. The Court need not reward GERNA for its lack of diligence in choosing venue by deciding the proper venue, addressing the jurisdictional arguments, and/or deciding whether GERNA states a claim for breach of warranty. Full stop.

Having conceded this is an improper venue, Plaintiff requests a transfer to the Northern District of New York. But there is no basis to transfer this case to the Northern District of New York. Under 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Nowhere in its Opposition does Plaintiff make any claim that this so-called "*sua sponte*" transfer would be in the interest of justice. In *Smith v. Bain*, plaintiff similarly conceded that it filed in an improper venue and sought to transfer the action to the Southern

District of New York. *See* 123 F. Supp. 632, 634 (M.D. Pa. 1954). The court held "that a transfer as requested under 28 U.S.C. § 1406(a) to the Southern District of New York cannot be authorized and, even if it could, that there is no impelling reason to warrant such a transfer in the interest of justice." *Id.* This Court should likewise decline to transfer.

Nor should the Court transfer the case to the Northern District of New York based on the forum selection clause in the Tolling Agreement. That forum selection clause provides for jurisdiction and venue in "a federal court of competent jurisdiction in New York having venue over the subject matter … solely related to any lawsuits regarding this Agreement." *See* Tolling Agreement (Butler Decl. Ex. 3) § 8. There is nothing in the language of the Tolling Agreement to suggest that the parties intended to substitute the dispute resolution provision of the agreements underlying the parties' commercial relationship with Section 8 of the Tolling Agreement. Rather, the plain language of Section 8 makes it applicable when there is a dispute "regarding this Agreement." In the Tolling Agreement, the parties agreed to (i) keep certain materials exchanged between the parties confidential, (ii) maintain privilege, (iii) refrain from commencing legal actions during a "Standstill Period," and (iv) toll statutes of limitations. *See* Tolling Agreement §§ 1 & 3. So, for example, if one of the parties used or disclosed Confidential Material in contravention of the Tolling Agreement, that dispute—regarding the Tolling Agreement—would be subject to the Section 8. The Tolling Agreement has no bearing here.[1]

Next, Plaintiff argues that because the Supply Agreement expired on December 31, 2018, purchases in 2019 are instead governed by the 2018 Purchase Terms. (Opp. at 15.) <u>First</u>, Plaintiff's argument concedes that, at a minimum, all purchases through December 31, 2018, are governed by the Supply Agreement and the forum selection clause designating the Northern District of Georgia. <u>Second</u>, GERNA ignores that the parties negotiated and honored an

---

1 Moreover, the Tolling Agreement is inadmissible. The Tolling Agreement provides that "this Agreement will not be admissible for any purpose other than to rebut a defense based on the passage of time or delay or to defend against any claim, action, or other proceeding that may be brought, instituted, or taken by one of the Parties against another *in breach of this Agreement*." Tolling Agreement § 11 (emphasis added).

Addendum Number Three that extended the Supply Agreement through and including at least December 22, 2020. *See* Reply Declaration of Jeffrey Marchozzi, dated June 7, 2024 ("Marchozzi Reply Decl.") ¶¶ 13–19; Reply Declaration of C. Neil Gray, dated June 7, 2024, at Ex. 1.[2] Under these facts, all of the bearing purchases at issue in this litigation are governed by the Supply Agreement and the forum selection clause designating the Northern District of Georgia. Third, even if the Supply Agreement forum selection clause does not apply to purchases after December 31, 2018, Plaintiff concedes that the 2018 Purchase Terms would control, which require arbitration under the rules of the International Chamber of Commerce. (Opp. at 16.) Although Plaintiff is correct that the 2018 Purchase Terms do not designate the Northern District of Georgia, no controlling agreement of the parties designates any court in New York.

Finally, Plaintiff ignores that when there is a valid forum selection clause in play, "the calculus changes" and the court disregards the other factors of § 1404(a) because the forum selection clause "represents the parties' agreement as to the most proper forum." *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 63 (2013) (internal quotations omitted). A valid forum selection clause is "presumptively enforceable," and the Court "may consider arguments about public-interest factors only." *Id.* at 64. "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Plaintiff has not demonstrated that this is an "unusual case." Rather, this is a very typical case. The Supply Agreement contains a forum selection clause that governs all of the bearings at issue in this dispute. Plaintiff did not file this action in that forum. Plaintiff has not demonstrated that the forum selection clause is invalid. Because this situation is, in fact, most

---

2 Although there are no signatures present on Addendum Number Three, under New York law "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound." *See, e.g.*, *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Phillip Constr. Grp. Corp.*, No. 21 Civ. 2411 (JGK), 2021 WL 3604575, at *3 (S.D.N.Y. Aug. 12, 2021). GERNA and SKF evidenced their intent to be bound by honoring and complying with the terms of Addendum Number Three in all respects, including treating the Supply Agreement as in effect in all respects until, at least, December 22, 2020. *See* Marchozzi Reply Decl. ¶¶ 17–19.

usual, no public interest factors favor disregard of this clause, and the parties' intent to litigate in the Northern District of Georgia must be honored.

## II. GERNA HAS NOT MADE A PRIMA FACIE SHOWING OF PERSONAL JURISDICTION OVER SKF.

### A. GERNA does not assert jurisdiction under the "supply goods or services" prong of CPLR § 302(a)(1).

New York CPLR § 302(a)(1) provides that "[a] court may exercise jurisdiction over any non-domiciliary … who …: 1. transacts any business within the state or contracts anywhere to supply goods or services in the state." The second prong of § 302(a)(1) "captures cases where there are minimal contacts in New York, and, for example, a contract is made elsewhere for goods to be delivered or services to be performed in New York." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 789 (2d Cir 1999).

GERNA, in evident reliance on the second prong of § 302(a)(1), alleged in its Complaint—and re-plead the same allegation in its Amended Complaint—that personal jurisdiction exists in this Court "because the claims in this action arise from the purchase of goods by GERNA in New York." Am. Compl. ¶ 7. But that prong cannot apply because it is undisputed that not a single SKF good was delivered by SKF to New York and SKF did not perform any service in New York, and GERNA does not allege or argue otherwise. Indeed, GERNA appears to have abandoned any reliance on the goods and services prong of § 302(a)(1) despite its allegations. GERNA's allegations do not make out a *prima facie* case that this Court (or for that matter the Northern District of New York) has personal jurisdiction over SKF and the Amended Complaint must be dismissed.

### B. GERNA did not plead the "transaction of business" prong of § 302(a)(1).

Now, in its opposition, GERNA tries to make out jurisdiction under the first prong of N.Y. CPLR § 302(a)(1)—that SKF transacted business in New York. *See* Opp. at 6–9. This fails for numerous reasons.

First, the Amended Complaint is devoid of any facts or allegations that SKF transacted business in New York under the first prong of § 302(a)(1). As such, and similar to the second

4

prong of § 302(a)(1), it is clear that GERNA has not alleged a *prima facie* case that this Court (or any court in New York) has personal jurisdiction over SKF.

Second, GERNA's opposition papers are riddled with unsubstantiated, conclusory allegations regarding SKF's contacts with New York that are insufficient to make a *prima facie* showing of personal jurisdiction over SKF. For example, Mr. Mollevik states in his declaration that "I have limited records dating back to 2017, so I have not been able to pinpoint the exact dates or times of meetings" and "I do recall that there was more than one meeting … at our offices in Schenectady to discuss the terms of Addendum Number Two." Declaration of David A. Mollevik, dated May 23, 2024 ("Mollevik Decl.") (ECF No. 44) ¶¶ 7–8. Setting aside the critical fact that GERNA completely failed to (nor could it) plead that SKF transacted business in New York (because it did not), GERNA still has failed to proffer the factual specificity necessary to support jurisdiction.

Third, GERNA's misplaced reliance on *Sunward Electronics* coupled with a few conclusory facts that it contends connect SKF to New York is unavailing considering the fatal flaw that GERNA did not plead any of that information in its Amended Complaint. *See* Opp. at 7–9 (asserting that (i) GE Power & Water (not GERNA) has a principal place of business in Schenectady; (ii) a single addendum to the Supply Agreement was negotiated in New York through one or two in-person meetings; (iii) New York law governs the Supply Agreement; and (iv) the Supply Agreement requires notices to be sent directly to GERNA's address in Hungary, with a courtesy copy of the notice to be sent to a generic recipient at GE's office in Schenectady). However, these tenuous connections fail to support the exercise of personal jurisdiction over SKF in this dispute involving a contract that was executed and performed outside of New York. *See Berkshire Cap. Grp., LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 481 (2nd Cir. 2008) (affirming dismissal where defendant agreed to be bound by New York law, but did not engage in business in New York, and the contract was to be performed outside of New York). Even if the Court is inclined to examine the *Sunward Electronics* factors, GERNA

5

still has not demonstrated personal jurisdiction over SKF in New York for at least the following reasons:

A.  GERNA's proposition, based on *Sunward Electronics v. McDonald*, that an ongoing contractual relationship with a New York company supports the exercise of personal jurisdiction, *see* Opp. at 7–8, is incorrect. Where this Court has found personal jurisdiction on the basis of a nonresident's purposeful creation of a continuing relationship with a New York corporation, it has emphasized that the significance of an ongoing relationship is that it "tethers the defendant to the plaintiff's <u>ongoing commercial activity in New York</u> such that the defendant in effect participates in the plaintiff's transaction of business." *Three Five Compounds, Inc. v Scram Tech., Inc.*, No. 11 Civ. 1616 (RJH), 2011 WL 5838697, at *10 (S.D.N.Y. Nov. 21, 2011) (finding no jurisdiction even though the plaintiff shipped goods from New York to the defendant on multiple occasions, and the defendant called and visited the plaintiff in New York, made payments to the plaintiff in New York, and had a business card with a New York address and telephone number) (emphasis added); *see also Navaera Scis., LLC v. Acuity Forensic Inc.*, 667 F. Supp. 2d 369, 375 (S.D.N.Y. 2009) (holding "the mere fact that an out-of-state defendant enters into a contract with a company headquartered in New York does not establish the requisite minimum contacts unless that contract 'projects [defendant] into the New York market.'"). Here, there is no such ongoing commercial activity in New York. None of the bearings were delivered to New York or manufactured by SKF in New York, and SKF did not receive payments in New York. *See* Marchozzi Reply Decl. ¶¶ 8–10. SKF performed the contract and was paid solely outside New York. *Id.* ¶¶ 5–11.

B.  A meeting in New York to negotiate one of several addenda post-signing of the Supply Agreement does not confer personal jurisdiction over SKF. It is well-settled law that "[w]hen the visit ... is not for the purpose of initiating or forming a relationship, but is to alleviate problems under a preexisting relationship, New York courts have declined to assert jurisdiction." *United States Theatre Corp. v. Gunwyn/Lansburgh L.P.,* 825 F. Supp. 594, 596 (S.D.N.Y. 1993). GERNA's reliance on the asserted facts that Addendum Number Two was negotiated "in part" in

New York through "more than one meeting" with an SKF sales employee, *see* Mollevik Decl. ¶¶ 6–7, is unavailing. The Supply Agreement was already executed and the parties' relationship had been in existence for several years. Moreover, attempting to renegotiate an existing agreement does not constitute a transaction of business. *See Cutco Indus., Inc. v. Naughton*, 806 F.2d 361, 368 (2d Cir. 1986) (treating certain meetings after the formation of a contract as "irrelevant" because "attempts to renegotiate an existing contract do not constitute a CPLR 302 'transaction of business'"). Finally, Mollevik's declaration on this issue is pure conjecture and conclusory. Mollevik cannot point to multiple specific meetings between himself and GERNA, but only states "I do recall that there was more than one meeting."

      C.     A New York choice of law clause does not constitute transacting business in New York. In *Gordian Group, LLC v. Syringa Exploration, Inc.*, this Court considered a contractual relationship between a New York plaintiff and a foreign defendant. 168 F. Supp. 3d 575, 584 (S.D.N.Y. 2016). In addition to the New York choice of law provision in the contract, the defendant voluntarily initiated the relationship with the New York plaintiff, and the contract was partially negotiated in New York. *Id.* at 584–88. Nonetheless, this Court held that "the only factor supporting the exercise of personal jurisdiction is the [contract's] choice-of-law clause … . [T]his factor alone is insufficient to make a *prima facie* case that the Court may exercise personal jurisdiction over Defendant." *Id.* at 589 (citations omitted). "[W]here the jurisdictional contacts fall far short of the purposeful availment requirement," as they do here, "the choice of law clause simply does [not] carry enough weight for plaintiff to meet its burden." *Premier Lending Services, Inc. v J.L.J. Assoc.*, 924 F Supp 13, 17 (S.D.N.Y. 1996); *see also Berkshire Cap. Grp.*, 307 F. App'x at 481. Here, the Supply Agreement's New York choice of law clause does not confer personal jurisdiction over SKF. Even considering the one or two meetings in New York that GERNA asserts took place to negotiate an addendum to the Supply Agreement, there are inadequate contacts between SKF and New York to support a conclusion that SKF purposely availed itself of the privilege of doing business in New York. *See* Memorandum of Law in Support of Motion to Dismiss ("Opening Br.") (ECF No. 37) at 11–14.

D.  GERNA argues that the Supply Agreement notice provision requiring a courtesy copy of notice be delivered to an unidentified individual at GE's address in Schenectady, New York, supports that SKF transacted business in New York. Opp. at 9. As SKF said in its moving brief, and GERNA does not dispute, the sole references to New York in the Supply Agreement appear in the governing law section and the address for courtesy copies to GE. *See* Opening Br. at 4. There is no mention of the courtesy notices in the Amended Complaint, nor does GERNA allege any notices were indeed sent to New York. Moreover, *Sunward* also looks at where payments are sent, and there is no assertion that SKF sent payments to GERNA in New York— nor could there be, as SKF was the seller receiving payments. *See* Marchozzi Reply Decl. ¶ 10.

C.  **SKF performed the agreement outside of New York.**

Under New York law, the fact that the "agreement is 'performed outside of New York is of great significance.'" *Orchard Yarn & Thread Co. v. Schaub*, No. 17 Civ. 2477 (JMF), 2018 WL 2694433, at *2 (S.D.N.Y. June 5, 2018) (citations omitted); *see also Ye Olde Time Keepers, Inc. v. C.R. Martin Auctioneers, Inc.*, No. 17 Civ. 4377 (ADS), 2018 WL 1832930, at *5 (E.D.N.Y. Apr. 17, 2018) ("In determining jurisdiction, the place of performance is more critical than the place of the execution of the contract.") (citations omitted). The lack of contacts between SKF and New York in the negotiation, execution, or performance of the parties' contractual relationship precludes the exercise of personal jurisdiction over SKF. *See* Marchozzi Reply Decl. ¶¶ 4–11.

D.  **The U.S. Constitution prohibits exercise of personal jurisdiction over SKF given SKF's lack of minimum contacts with New York.**

Since long-arm jurisdiction does not exist over SKF in this or any other New York court, the Court need not reach the question of whether the exercise of such jurisdiction would offend due process. Nevertheless, the Due Process Clause provides an additional and independent basis for dismissal in this case. The "primary concern" of the due process analysis is "the burden on the defendant." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017).

GERNA's opposition ignores SKF's reliance on *Online Payment Solutions, Inc. v. Svenska Handelsbanken AB*, 638 F. Supp. 2d 375 (S.D.N.Y. 2009), and *Aquiline Capital Partners LLC v. FinArch LLC*, 861 F. Supp. 2d 378 (S.D.N.Y. 2012). In these cases, the Court held that the exercise of personal jurisdiction over an out-of-state defendant (such as SKF) does not comport with due process where, as here, that defendant has little or no contact with the forum state. SKF could not reasonably have foreseen being subject to a New York lawsuit regarding the bearings at issue based on nothing more than a couple of meetings in Schenectady, a New York choice of law provision, and a requirement that SKF send a courtesy copy of any notices under the Supply Agreement to GE in Schenectady.

**III.   THE COURT SHOULD DISMISS GERNA'S BREACH OF WARRANTY CLAIMS.**

GERNA contends that SKF breached the express warranty provision of the Supply Agreement because the bearings at issue were not "in strict accordance with all specifications, samples, drawings, designs or descriptions or other requirements." Opp. at 19. Essentially, GERNA argues that an indeterminate reference to "specifications" in the warranty provision operated to incorporate by reference a GE technical specification requiring the bearings at issue to comply with a 20-year useful life calculation, and because some bearings failed before 20 years, SKF breached the warranty provision. However, this court has dismissed similar claims for breach of express warranty involving other GE entities where the parties failed to properly incorporate by reference extraneous documents such as technical specifications. *See, e.g.*, *GE Transp. Parts LLC v. Cent. Ry. Mfg.*, LLC, 468 F. Supp. 3d 607, 615 (S.D.N.Y. 2020) (court found that reference to the plaintiff's "technical specifications" were insufficient to warrant incorporation into the agreement at issue because it "only makes reference to a general class of extrinsic documents rather than to a specific document."). The same is applicable here. The reference in the warranty provision to "specifications" is too generic to incorporate any specific "technical specification," and, as such, SKF could not have, as a matter of law, failed to deliver goods in accordance with that specification.

Moreover, GERNA concedes that it waived all implied warranties applicable to purchases governed by the Supply Agreement. Opp. at 22. GERNA argues that the Supply Agreement expired on December 31, 2018, and with it any waiver of the implied warranty in the Supply Agreement. For all of the reason discussed above, however, the Supply Agreement was effective through at least December 22, 2020. *See supra* at 2–3. Thus, GERNA waived the implied warranty of fitness for a particular purpose through December 22, 2020. Because GERNA does not allege any purchases after December 22, 2020, the waiver of implied warranties applies to all of the main bearings at issue in this dispute.

## CONCLUSION

The Court should dismiss this action for lack of venue. If the Court elects not to dismiss, it should conclude that there is no jurisdiction over SKF in New York and respect the parties' agreement in the Supply Agreement by transferring this action to the Northern District of Georgia.

Dated: June 7, 2024
      New York, New York

Respectfully Submitted,

**DUANE MORRIS LLP**

By: */s/ C. Neil Gray*
    Christopher W. Healy
    C. Neil Gray
1540 Broadway
New York, New York 10036

    John I. Coster IV
    Gabrielle Pelura
230 Park Avenue, Suite 1130
New York, NY 10169

*Attorneys for Defendant*
 *SKF USA Inc.*

DM1\15388860.8