IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| GE RENEWABLES NORTH AMERICA, LLC,<br><br>     Plaintiff,<br><br>   v.<br><br>SKF USA INC.,<br><br>     Defendant. | Case No. 1:25-cv-1157-VMC |

**Joint Preliminary Report and Discovery Plan**

1.   **Description of Case:**

  (a)  Describe briefly the nature of this action.

**This is an action for breach of contract and breach of warranty arising from the purchase of mainshaft bearings for use in wind turbines for power generation.**

  (b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiffs GE Renewables North America, LLC ("GERNA") purchased approximately 1,700 mainshaft bearings from Defendant SKF USA Inc. ("SKF") from 2017 to 2019.  Purchases in 2017 and 2018 are governed by a Supply Agreement between GE Corporation and SKF.  SKF contends that purchases in 2019 are also governed by the Supply Agreement.  The Supply Agreement contains an express warranty provision and a disclaimer of any implied warranties.**

**The Complaint alleges that these SKF mainshaft bearings unexpectedly began**

to fail within two to three years after going into commercial operation. The exact cause of the failures has not been determined. The Complaint alleges that as a result of these failures, GERNA has incurred and will incur substantial expense to replace the approximately 1,500 SKF mainshaft bearings in commercial operation. SKF denies that the mainshaft bearing failures are the result of faulty design or manufacturing on its part or that SKF is responsible for GERNA's replacement costs.

(c)    The legal issues to be tried are as follows:

The key legal issues to be tried are (1) whether SKF is liable for breach of contract for non-conformity of tender under Section 2-714 of the Uniform Commercial Code, (2) whether SKF is liable for breach of express warranty under the Supply Agreement, (3) whether the Supply Agreement governs the sales of mainshaft bearings in 2019, (4) if not, with respect to sales in 2019, whether SKF is liable for breach of the implied warranty of fitness for a particular purposes, and (5) whether and to what extent GERNA's recoverable damages are limited by a limitation of liability provision in the Supply Agreement.

(d)    The cases listed below (include both style and action number) are:

(1)    Pending Related Cases:  **None.**

(2)    Previously Adjudicated Related Cases:  **None.**

2.    This case is complex because it possesses one or more of the features listed below (please check):

|  |  |  |
|---|---|---|
| \_\_\_\_\_ | (1) | Unusually large number of parties |
| \_\_\_\_\_ | (2) | Unusually large number of claims or defenses |
| X | (3) | Factual issues are exceptionally complex |
| X | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| \_\_\_\_\_ | (6) | Problems locating or preserving evidence |
| \_\_\_\_\_ | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| X | (9) | Need for discovery outside United States boundaries |
| X | (10) | Existence of highly technical issues and proof |
| \_\_\_\_\_ | (11) | Unusually complex discovery of electronically stored information |

3.      **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**Jeff E. Butler, Clifford Chance US LLP (admitted *pro hac vice*)**

Defendant:

**Christopher W. Healy, Duane Morris LLP (admitted *pro hac vice*)**

4.      **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____Yes          X    No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.      **Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**None.**

(b)    The following persons are improperly joined as parties:

**None.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

    (d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

    (a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None.**

    (b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

    All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

    All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b)    *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    (c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)    *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**No objection to initial disclosures.**

**9.      Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**No scheduling conference requested.**

**10.     Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**The main subjects on which discovery may be needed include:  (1) the negotiation of the Supply Agreement and Terms of Purchase, including amendments, modifications and revisions, (2) technical specifications for and the design and manufacture of the SKF mainshaft bearings at issue, (3) the purchase, delivery, installation, commercial use and repairs/maintenance/service of SKF mainshaft bearings and the wind turbines in which they were installed, (4) SKF mainshaft bearing performance and failures, including tear-down inspections (5) other manufacturer mainshaft bearing failures, (6) efforts by SKF and GERNA, both jointly and individually, to determine the root cause of mainshaft bearing failures, (7) the cause of mainshaft bearing failures, and (8) the damages incurred by GERNA**

for the replacement of failed SKF mainshaft bearings.

In addition, Defendant may seek discovery on the following topics: (1) other components failures on the GERNA turbines at issue and (2) GERNA's operating and business model concerning its business and approach to dealing with its customers regarding mainshaft bearing failures.

**Defendant's Position Regarding the Consideration of Its Partial Motion to Dismiss:**

Further to Section III.m. of the Court's Civil Case Standing Order, Defendant contends that the consideration and grant of SKF's anticipated motion to dismiss GERNA's express and implied warranty claims will substantially narrow the scope of discovery. For example, if the Court grants SKF's motion to dismiss, discovery concerning the "negotiation of the Supply Agreement" would not include the broad topics of the negotiation of an alleged express 20-year warranty or an implied warranty of fitness for a particular purpose. The same is true of the topics of whether SKF's—and "other manufacturer[s']"—mainshaft bearings were "design[ed]" to comply with an alleged express 20-year warranty or an implied warranty of fitness, and examination of GERNA's business model for handling warranty issues with its customers. Because the scope of discovery will be substantially narrowed by the Court's grant of SKF's partial motion to dismiss, the Court's consideration of SKF's motion will therefore serve "the just, speedy, and inexpensive determination of [this] action." *See* Fed. R. Civ. P. 1.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties believe that additional time will be needed to complete discovery in this case due to the unusual complexity of the factual and legal issues; the volume of electronically-stored documents on each side; the need to collect documents in multiple locations, including locations outside of the United States; the highly technical nature of some of the issues; and the likely use of multiple expert witnesses on each side

The parties propose the following deadlines for the completion of discovery in this case:

| Initial disclosures | June 30, 2025 |
|---|---|
| Substantial completion of document production | January 30, 2026 |
| Completion of fact discovery | April 30, 2026 |
| Expert reports (on issues for which a party bears the burden of proof) | June 26, 2026 |
| Rebuttal expert reports | July 31, 2026 |
| Completion of expert discovery | September 25, 2026 |

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None.**

(b)    Is any party seeking discovery of electronically stored information?

   X     Yes                         _____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties agree in principle that the production of electronically stored information will be limited to identified custodians using search terms and date limitations.  The parties intend to negotiate the specific custodians, search terms and date limitations to be applied.**

**The parties agree to work cooperatively and in good faith regarding the collection and production of relevant and responsive discovery materials located outside the United States.**

      (2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties agree that electronically stored information will be produced via an FTP site in text searchable form with standard metadata.**

      In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.    Other Orders:**

      What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**The parties intend to negotiate a confidentiality and protective order for submission to the Court.**

**13.    Settlement Potential:**

      (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **May 6, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature) _____

      Other participants:    _____

_____

For defendant: Lead counsel (signature) _____*Christopher W. Healy / cm*_____

          Other participants:         _____

_____

      (b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

      (\_\_\_) A possibility of settlement before discovery.
      (X \_) A possibility of settlement after discovery.
      (\_\_\_) A possibility of settlement, but a conference with the judge is needed.
      (\_\_\_) No possibility of settlement.

      (c) Counsel(   ) do or ( X ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **N/A**.

      (d) The following specific problems have created a hindrance to settlement of this case.

**The parties have engaged in periodic settlement discussions, with and without counsel, and will continue to do so as the case progresses. There are no specific problems that have created a hindrance to settlement of this case, although the parties believe that at least some fact discovery and exploration of the root cause of the failures is integral to progress in settlement discussions.**

**14.**     **Trial by Magistrate Judge:**

      Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

      (a) The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this     day   , of 20  .

(b) The parties ( X) do not consent to having this case tried before a
magistrate judge of this Court.


_____
Counsel for Plaintiff

_____
Counsel for Defendant

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| | |
|---|---|
| Initial disclosures | June 30, 2025 |
| Substantial completion of document production | January 30, 2026 |
| Completion of fact discovery | April 30, 2026 |
| Expert reports (on issues for which a party bears the burden of proof) | June 26, 2026 |
| Rebuttal expert reports | July 31, 2026 |
| Completion of expert discovery | September 25, 2026 |

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE