# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GE RENEWABLES NORTH AMERICA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SKF USA INC., <br><br> Defendant. | Civil Action No. <br> 1:25-cv-01157-VMC |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

### DUANE MORRIS LLP

Stefanie Wayco
Georgia Bar No. 132932
Christopher D. Kanne
Georgia Bar No. 627081
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
Telephone: +1 404 253 6900
Email: SMWayco@duanemorris.com
Email: cdkanne@duanemorris.com

Christopher W. Healy (*pro hac vice*)
C. Neil Gray (*pro hac vice*)
1540 Broadway
New York, New York 10036
Telephone: +1 212 692 1000
Email: CNGray@duanemorris.com
Email: CWHealy@duanemorris.com

*Attorneys for Defendant SKF USA Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT ........................................................................................................................... 4

I.   PLAINTIFF'S EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE THERE IS NO 20-YEAR WARRANTY. .............. 6

II.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE. ........................................................................................................ 9

CONCLUSION ................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) ..................................................................................6

*Acuity Brands Lighting, Inc. v. Manus Prods., Inc.*,
  1:19-CV-02852-AT,
  2022 WL 18460460 (N.D. Ga. Mar. 14, 2022) .....................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................4

*Barnes v. AstraZeneca Pharms. LP*,
  253 F. Supp. 3d 1168 (N.D. Ga. 2017)..................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................4

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
  116 F.3d 1364 (11th Cir. 1997) .............................................................................5

*Callen v. Daimler AG*,
  No. 1:19-CV-1411-TWT,
  2020 U.S. Dist. LEXIS 256495 (N.D. Ga. June 17, 2020)...................................6

*Catalano v. BMW of N. Am., LLC*,
  167 F. Supp. 3d 540 (S.D.N.Y. 2016) ...................................................................7

*CMYK Enters., Inc. v. Advanced Print Techs., LLC*,
  1:19-CV-01132-LMM,
  2023 WL 4843344 (N.D. Ga. June 14, 2023).....................................................11

*DA Realty Holdings, LLC v. Tennessee Land Consultants, LLC*,
  631 F. App'x 817 (11th Cir. 2015) ........................................................................6

*GE Transp. Parts LLC v. Cent. Ry. Mfg., LLC*,
  468 F. Supp. 3d 607 (S.D.N.Y. 2020) ...................................................................8

*Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*,
  No. 08 Civ. 7956 (PKC),
  2013 WL 1804493 (S.D.N.Y. Apr. 18, 2013) .....................................................10

*In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*,
   1:13-MD-2495-TWT,
   2018 WL 3497153 (N.D. Ga. July 20, 2018) ....................................................... 7

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
   No. 12 MDL 2413 (RRM),
   2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) .................................................... 7

*Johnson v. City of Atlanta*,
   107 F.4th 1292 (11th Cir. 2024) ........................................................................ 5

*McClure v. Toyota Motor Corp.*,
   759 F. Supp. 3d 1333 (N.D. Ga. 2024) ............................................................. 5

*Nw. Frozen, LLC v. Victory Packaging, L.P.*,
   1:22-CV-1478-MHC,
   2023 WL 2731719 (N.D. Ga. Feb. 6, 2023) .................................................... 10

*NY Drilling, Inc. v. TJM, Inc. LLC*,
   573 F. Supp. 3d 854 (E.D.N.Y. 2021) ............................................................. 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ........................................................................................... 5

*Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Phillip Constr. Grp. Corp.*,
   No. 21 Civ. 2411 (JGK),
   2021 WL 3604575 (S.D.N.Y. Aug. 12, 2021) ................................................. 11

**State Cases**

*Laibe Corp. v. Gen. Pump & Well, Inc.*,
   317 Ga. App. 827 (2012) ................................................................................... 6

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ......................................................................... *passim*

Defendant SKF USA Inc. ("SKF") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to partially dismiss Plaintiff GE Renewables North America, LLC's ("GERNA") Amended Complaint [Doc. 22].

## PRELIMINARY STATEMENT

Plaintiff GERNA's Amended Complaint fails to state a claim for breach of express warranty and breach of the implied warranty of fitness for a particular purpose, and these claims should be dismissed.

## STATEMENT OF FACTS[1]

GERNA and SKF entered into a Supply Agreement on or about January 1, 2015 (the "Supply Agreement") in connection with the purchase by GERNA from SKF of mainshaft bearings used in wind turbines. *See* Am. Compl. [Doc. 22 at 1, ¶ 1]; Gray Decl. ¶ 2, Ex. A (attaching the Supply Agreement); Marchozzi Decl. ¶ 5. The Supply Agreement applies to purchase orders that GERNA issued to SKF to

---

[1] SKF respectfully refers the Court to the accompanying Declaration of C. Neil Gray in Support of Defendant's Partial Motion to Dismiss, dated May 15, 2025 (the "Gray Decl."), and the Declaration of Jeffrey Marchozzi in Support of Defendant's Partial Motion to Dismiss, dated May 13, 2025 (the "Marchozzi Decl."). The facts stated herein that are taken from Plaintiff's Amended Complaint ("Am. Compl.") [Doc. 22] are accepted as pleaded solely for purposes of this motion. SKF expressly reserves the right to challenge the allegations of the Amended Complaint. Further, in its response to SKF's Pre-Motion Letter in the United States District Court for the Southern District of New York, GERNA stated that it "does not seek leave to further amend its Complaint at this time." [Doc. 26 at 1].

order specific components. [Doc. 22 at 4, ¶ 17]. GERNA purchased mainshaft bearings from SKF to be used in onshore wind turbines from 2017 to 2019. [*Id.* at 2, ¶ 9]. GERNA generally alleges that certain bearings failed prematurely and, as a result, SKF has breached an alleged 20-year warranty for the bearings. [*Id.* at 1, ¶ 1].

GERNA alleges that three separate sets of standard purchase terms govern the purchase of the bearings at issue: (i) the "Original Purchase Terms," which were negotiated by the parties and attached as Appendix 2 to the Supply Agreement; (ii) the "2016 Purchase Terms," dated March 18, 2016; and (iii) the "2018 Purchase Terms," dated March 26, 2018. [*Id.* at 5–7, ¶¶ 18, 21, 26]; Gray Decl. ¶¶ 3–4, Ex. B (the 2016 Purchase Terms), Ex. C (the 2018 Purchase Terms); Marchozzi Decl. ¶ 6. However, the Supply Agreement provides that "[a]ll purchases under this Agreement are subject to issuance of purchase orders ('Orders') by Buyer" pursuant to the Original Purchase Terms "and any agreed updates, changes, and modifications to the same." Supply Agreement ¶ 1(c) (Gray Decl. Ex. A); Marchozzi Decl. ¶ 6. Additionally, Appendix 2 of the Supply Agreement states:

> The terms set forth in this Order take precedence over any alternative terms in any other document connected with this transaction unless such alternative terms are (a) part of a written supply agreement ("Supply Agreement"), *which has been negotiated between the parties and which the parties have expressly agreed may*

> *override these terms in the event of a conflict;* and/or (b) set forth on the face of the Order to which these terms are attached. In the event these terms are part of a written Supply Agreement between the parties, the term "Order" used herein shall mean any purchase order issued under the Supply Agreement.

Supply Agreement, Appx. 2 ¶ 1 (Gray Decl. Ex. A) (emphasis added). The Supply Agreement provides that it is the controlling agreement in case of any conflict:

> All Orders, acceptances and other writings or electronic communications between the parties shall be governed by this Agreement, and it is intended that reference to this Agreement shall include all appendices hereto and, **in case of conflict, the following order of precedence will prevail: i) this Agreement; ii) the Appendices to this Agreement; iii) individual Orders; and iv) drawings, specifications and related documents specifically incorporated herein by reference.**

*Id.* ¶ 1(c) (emphasis added); Marchozzi Decl. ¶ 7. In other words, in the event of a conflict between provisions, the Supply Agreement and Original Purchase Terms take precedence over any individual Orders or drawings, specifications, and related documents. Supply Agreement ¶ 1(c) (Gray Decl. Ex. A). The Supply Agreement also dictates the governing law, stating "[t]his Order shall in all respects be governed by and interpreted in accordance with the substantive law of the State of New York, U.S., excluding its conflicts of law provisions." *Id.* at Appx. 2 ¶ 20.

GERNA alleges that certain mainshaft bearings that were built to conform to a GERNA technical specification are failing or showing signs of "imminent failure," and that the total cost to GERNA will be at least $107 million. [Doc. 22 at

3

1, ¶¶ 1–2]. GERNA is allegedly seeking to recover its replacement costs, as well as other costs and expenses arising from the mainshaft bearing failures. [*Id.* at 1, ¶ 3]. GERNA has not alleged where any of the mainshaft bearings were used or failed, other than a wind farm in Iowa. [*Id.* at 8, ¶ 30].

## ARGUMENT

The Court should dismiss GERNA's warranty claims pursuant to Federal Rule of Civil Procedure 12(b)(6). GERNA's breach of express warranty claim fails as a matter of law because there is no legal basis whatsoever for GERNA to claim the bearings at issue were subject to a 20-year warranty. Likewise, SKF unequivocally disclaimed any implied warranty of fitness for a particular purpose.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed unless it alleges facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the *Iqbal*/*Twombly* pleading standard does not require "detailed factual allegations," mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663.

Further, when considering a motion to dismiss, courts may consider "documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A document is "incorporated by reference" if the document is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024); *see Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." (internal citation omitted)).

Here, Plaintiff's claims are entirely based upon the Supply Agreement and various purchase terms, and the Amended Complaint incorporates (albeit selectively) the language from the Supply Agreement. *See* [Doc. 22 at 5, ¶ 19] (alleging that the "Purchase Terms attached to the Supply Agreement contain various express warranties" and proceeds to cherry pick certain phrases from that section of the Supply Agreement); *id.* 5–6, ¶¶ 18–27 (quoting from the Supply Agreement and Purchase Terms). The Court may consider these documents on this motion. *See McClure v. Toyota Motor Corp.*, 759 F. Supp. 3d 1333, 1343 n.2

5

(N.D. Ga. 2024); *see also Laibe Corp. v. Gen. Pump & Well, Inc.*, 317 Ga. App. 827, 830 (2012) (stating in breach of warranty case that "it would be patently absurd to conclude that the written contract, of which those warranties are a 'legal consequence,' is irrelevant or inapplicable to a motion to dismiss a claim for breach of those warranties—especially when the written agreement is alleged to disclaim the same.").

I. **PLAINTIFF'S EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE THERE IS NO 20-YEAR WARRANTY.**

The Court should dismiss GERNA's breach of express warranty claim because there is no legal basis to claim that the bearings at issue were subject to a 20-year warranty.

A breach of express warranty claim is deficient if the alleged breach occurred after the expiration of the relevant warranty period. *See, e.g., Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986); *see also Callen v. Daimler AG*, No. 1:19-CV-1411-TWT, 2020 U.S. Dist. LEXIS 256495, at *29 (N.D. Ga. June 17, 2020) (dismissing breach of express warranty claims as to Georgia residents).[2] Express warranty claims must be founded on express

---

[2] As set forth above, the Supply Agreement provides that substantive New York law applies. Under Georgia choice of law precedent, "the law of the jurisdiction chosen by parties to a contract to govern their contractual rights will be enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of th[e] state [of Georgia]." *DA Realty Holdings, LLC v. Tennessee Land Consultants, LLC*, 631 F. App'x 817, 820 n.2 (11th Cir. 2015)

6

representations—that is, a literal affirmation of fact or promise about the specific thing Plaintiff alleges to be untrue. *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12 MDL 2413 (RRM), 2013 WL 4647512, at *26–27 (E.D.N.Y. Aug. 29, 2013); *see also Acuity Brands Lighting, Inc. v. Manus Prods., Inc.*, 1:19-CV-02852-AT, 2022 WL 18460460, at *10 (N.D. Ga. Mar. 14, 2022). To allege a breach of warranty, a plaintiff must allege the goods purchased do not conform to the promise made by the seller. *See, e.g., Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 554 (S.D.N.Y. 2016); *see also In re Atlas Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 1:13-MD-2495-TWT, 2018 WL 3497153, at *2–3 (N.D. Ga. July 20, 2018).

GERNA concedes that the Original Purchase Terms attached to the Supply Agreement, the 2016 Purchase Terms, and the 2018 Purchase Terms all set forth a 24-month warranty period. [Doc. 22 at 5–7, ¶¶ 19, 22, 26]. For example, the original Purchase Terms attached to the Supply Agreement provide that "[t]he foregoing warranties shall in the case of wind turbine related goods and services apply for a period of . . . twenty four (24) months . . . ." Supply Agreement, Appx. 2 ¶ 9.2 (Gray Decl. Ex. A).

---

(citation omitted). Therefore, this Court applies New York law. Regardless, as shown throughout this Memorandum of Law, Georgia law is in accord with the New York substantive law cited herein.

7

Despite acknowledging the express language of the purchase terms, GERNA contends that a technical specification setting out a "useful life" period of 20 years equates to SKF offering a 20-year warranty. *See, e.g.*, [Doc. 22 at 16, ¶ 78]. GERNA's contention fails for at least two reasons. First, GERNA's claim is in direct contradiction of the plain language of the express warranty contained in the Supply Agreement. Nowhere in the warranty section does it provide for a 20-year warranty. *See* Supply Agreement, Appx. 2 ¶ 9 (Gray Decl. Ex. A). Moreover, GERNA failed to consider the agreed upon precedence of terms when interpreting the parties' agreements, under which the provisions of the Supply Agreement and the explicit 24-month warranty period in the Original Purchase Terms take precedence over the technical specification on which GERNA relies. *See supra* at 2–3 (discussing precedence of terms).

Second, GERNA's contention that an indeterminate reference to "specifications" in the warranty provision of the Original Purchase Terms operated to incorporate by reference a GE technical specification providing for a 20-year useful life calculation is unavailing. Failing to identify any specific statements upon which an express warranty could be based dooms a claim for breach of express warranty. *See GE Transp. Parts LLC v. Cent. Ry. Mfg., LLC*, 468 F. Supp. 3d 607, 615 (S.D.N.Y. 2020) (finding reference to plaintiff's "technical specifications" was insufficient to warrant incorporation into the agreement at issue

8

because it "only makes reference to a general class of extrinsic documents rather than to a specific document"); *see also Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1174 (N.D. Ga. 2017). This same standard applies here. The reference in the warranty provision to "specifications" is too generic to incorporate any specific "technical specification," and, as such, the warranty provision could not have incorporated the 20-year useful life calculation found in the technical specification.

SKF did not expressly provide a 20-year warranty. Accordingly, GERNA does not have any claim for a breach of an express warranty—because the asserted warranty simply does not exist—and its claim should be dismissed for failure to state a claim.

II. **PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.**

GERNA ignores the unambiguous language in the Original Purchase Terms by which SKF disclaims any warranty beyond the Supply Agreement:

> EXCEPT FOR THE WARRANTIES SET FORTH IN THIS SECTION 9, IN THIS ORDER OR IN THE SUPPLY AGREEMENT, SELLER MAKES NO OTHER WARRANTIES EITHER EXPRESS OR IMPLIED, **INCLUDING THE IMPLIED WARRANTY FITNESS FOR A PARTICULAR PURPOSE**.

9

Original Purchase Terms, Appx. 2 ¶ 9.3 (Gray Decl. Ex. A) (emphasis added). Under New York law, "parties to a contract may exclude or modify implied warranties so long as the warranty disclaimer is conspicuous and specific." *Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, No. 08 Civ. 7956 (PKC), 2013 WL 1804493, at *11 (S.D.N.Y. Apr. 18, 2013) (quotations omitted); *NY Drilling, Inc. v. TJM, Inc. LLC*, 573 F. Supp. 3d 854, 859 (E.D.N.Y. 2021) (holding that "the disclaimers at issue bear characteristics that are sufficiently conspicuous to overcome their suboptimal placement. The text is in all capital letters and it clearly and explicitly disclaims the warranties of fitness[.]"); *see also Nw. Frozen, LLC v. Victory Packaging, L.P.*, 1:22-CV-1478-MHC, 2023 WL 2731719, at *4–7 (N.D. Ga. Feb. 6, 2023).

Here, the warranty disclaimer language could not be more conspicuous and specific. Like the text in *NY Drilling, Inc.*, the warranty disclaimer text here is in all capital letters and clearly and explicitly disclaims the implied warranty of fitness for a particular purpose. SKF unequivocally disclaimed any implied warranty of fitness for a particular purpose. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), GERNA's breach of the implied warranty of fitness for a particular purpose should be dismissed for failure to state a claim.

Moreover, GERNA concedes that it waived all implied warranties applicable to purchases governed by the Supply Agreement. *See* Mem. of Law in Opp. to

10

Defendant's Motion to Dismiss [Doc. 42 at 27] ("SKF contends that [the implied warranty] claim should be dismissed because the Supply Agreement specifically disclaims all implied warranties, including the implied warranty of fitness for a particular purpose . . . That may be true for purchases governed by the Supply Agreement . . ."). GERNA argues that the Supply Agreement expired on December 31, 2018, and with it any waiver of the implied warranty in the Supply Agreement. But the Supply Agreement was effective through at least December 22, 2020. Specifically, GERNA ignores that the parties negotiated and honored an Addendum Number Three, with an effective date of December 18, 2019, that extended the Supply Agreement through and including at least December 22, 2020. *See* Marchozzi Decl. ¶¶ 8–9; Gray Decl. at ¶ 5 & Ex. D.[3] Under these facts, <u>all</u> bearing purchases at issue in this litigation are governed by the Supply Agreement. Thus, GERNA waived the implied warranty of fitness for a particular purpose through

---

[3] Although there are no signatures present on Addendum Number Three, under New York law "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound." *See, e.g.*, *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Phillip Constr. Grp. Corp.*, No. 21 Civ. 2411 (JGK), 2021 WL 3604575, at *3 (S.D.N.Y. Aug. 12, 2021); *see also CMYK Enters., Inc. v. Advanced Print Techs., LLC*, 1:19-CV-01132-LMM, 2023 WL 4843344, at *5 (N.D. Ga. June 14, 2023). GERNA and SKF evidenced their intent to be bound by honoring and complying with the terms of Addendum Number Three in all respects, including treating the Supply Agreement as in effect in all respects until, at least, December 22, 2020. *See* Marchozzi Decl. ¶¶ 8–9.

December 22, 2020. Because GERNA does not allege any purchases after December 22, 2020, the waiver of implied warranties applies to all the mainshaft bearings at issue in this dispute.

## CONCLUSION

Because GERNA has failed to state a claim for both breach of express warranty and breach of the implied warranty of fitness for a particular purpose, the Court should dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:  May 15, 2025                              Respectfully submitted,
        Atlanta, Georgia

                                                  **Christopher D. Kanne**
                                                  Stefanie Wayco
                                                  Georgia Bar No. 132932
                                                  Christopher D. Kanne
                                                  Georgia Bar No. 627081
                                                  DUANE MORRIS LLP
                                                  1075 Peachtree Street NE, Suite 1700
                                                  Atlanta, Georgia 30309-3929
                                                  Telephone: +1 404 253 6900
                                                  Email: SMWayco@duanemorris.com
                                                  Email: cdkanne@duanemorris.com

                                                  Christopher W. Healy (*pro hac vice*)
                                                  C. Neil Gray (*pro hac vice*)
                                                  DUANE MORRIS LLP
                                                  1540 Broadway
                                                  New York, New York 10036
                                                  Telephone: +1 212 692 1000
                                                  Email: CNGray@duanemorris.com
                                                  Email: CWHealy@duanemorris.com

                                                  *Attorneys for Defendant SKF USA Inc.*

13

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document filed with the Clerk of Court has been prepared in 14-point Times New Roman font, in accordance with Local Rule 5.1(C).

Dated: May 15, 2025                                    **Christopher Kanne**
                                                      Georgia Bar No. 627081

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically generate notice of filing to parties of record.

Dated: May 15, 2025                                **Christopher Kanne**
                                                   Georgia Bar No. 627081

14

DM1\16540364.6