IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GE RENEWABLES NORTH AMERICA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SKF USA INC.,<br><br>    Defendant. | Civil Action No.<br>1:25-cv-01157-VMC |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
<u>**DEFENDANT'S PARTIAL MOTION TO DISMISS**</u>

**DUANE MORRIS LLP**

Stefanie Wayco
Georgia Bar No. 132932
Christopher D. Kanne
Georgia Bar No. 627081
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309-3929
Telephone:  +1 404 253 6900
Email: SMWayco@duanemorris.com
Email: cdkanne@duanemorris.com

Christopher W. Healy (*pro hac vice*)
C. Neil Gray (*pro hac vice*)
John I. Coster IV (*pro hac vice*)
335 Madison Avenue, 23rd Floor
New York, New York 10017-4669
Telephone:  +1 212 692 1000
Email: CNGray@duanemorris.com
Email: CWHealy@duanemorris.com
Email: JICoster@duanemorris.com

*Attorneys for Defendant SKF USA Inc.*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT .............................................................................................................2

I.    PLAINTIFF'S EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE THERE IS NO 20-YEAR WARRANTY. .............2

II.   GERNA UNEQUIVOCALLY DISCLAIMED THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE..................6

CONCLUSION ..........................................................................................................9

# **TABLE OF AUTHORITIES**

**Federal Cases**

*GE Renewables N. Am., LLC v. SKF USA Inc.*,
  No. 23 Civ. 9274 (PKC),
  2025 WL 437890 (S.D.N.Y. Feb. 7, 2025) ...........................................................................6

*GE Transp. Parts LLC v. Cent. Ry. Mfg.*, LLC,
  468 F. Supp. 3d 607 (S.D.N.Y. 2020) ................................................................................2

*McClure v. Toyota Motor Corp.*,
  759 F. Supp. 3d 1333 (N.D. Ga. 2024) ...............................................................................7

*Pick v. Raffensperger*,
  1:24-CV-01607-ELR,
  2024 WL 5277391 (N.D. Ga. Nov. 22, 2024) .....................................................................8

*Shop Vac Corp. v. BCL Magnetics Ltd.*,
  No. 04-CV-262,
  2005 WL 2739161 (N.D.N.Y. Oct. 24, 2005) .....................................................................6

**State Cases**

*Laibe Corp. v. Gen. Pump & Well, Inc.*,
  317 Ga. App. 827 (2012) .....................................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................................9

**PRELIMINARY STATEMENT**

GERNA fails to offer any meritorious arguments supporting its claims for breach of an express warranty and breach of the implied warranty of fitness for a particular purpose.

There is no 20-year express warranty. The Supply Agreement, the 2016 Purchase Terms, and the 2018 Purchase Terms all set forth a 24-month warranty period. None of the applicable terms in the Supply Agreement require a "useful life of 20 years." And GERNA's allegations defeat any attempt to lift their purchases out of the 24-month warranty period.

Furthermore, it is indisputable that in the Supply Agreement GERNA unequivocally disclaimed the implied warranty of fitness for a particular purpose. GERNA seeks to rely on contrary provisions in other documents to support its position. However, GERNA cannot get around the fact that the plain language of the Supply Agreement provides that in the event of a conflict, the Supply Agreement takes precedence. The Southern District of New York reached the same conclusion—the Supply Agreement controls here. GERNA unambiguously disclaimed the implied waiver.

GERNA's Amended Complaint fails to state a claim for breach of express warranty and breach of the implied warranty of fitness for a particular purpose, and these claims should be dismissed.

# ARGUMENT

I. **PLAINTIFF'S EXPRESS WARRANTY CLAIM MUST BE DISMISSED BECAUSE THERE IS NO 20-YEAR WARRANTY.**

GERNA maintains in its Response to Defendant's Partial Motion to Dismiss [Doc. 81] (the "Opposition" or "Opp.") that SKF breached the express warranty provision of the Supply Agreement because the bearings at issue were not "in strict accordance with all specifications, samples, drawings, designs or descriptions or other requirements." Opp. [Doc. 81 at 11]. GERNA argues that this indeterminate reference to "specifications" in the warranty provision incorporates by reference a GE technical specification requiring the bearings at issue to comply with a 20-year useful life engineering calculation.

Under New York law, the warranty provision in the Supply Agreement referencing "specifications" is too generic to incorporate any specific "technical specification," and, as such, SKF could not have, as a matter of law, failed to deliver goods in accordance with that specification. *See, e.g.*, *GE Transp. Parts LLC v. Cent. Ry. Mfg.*, LLC, 468 F. Supp. 3d 607, 615 (S.D.N.Y. 2020) (holding that reference to the plaintiff's "technical specifications" did not incorporate specifications into the agreement because it "only 'makes reference to a general class of extrinsic documents rather than to a specific document'").

GERNA's attempt to distinguish *GE Transportation Parts* fails. The court in that case explained that, under New York law, "the paper to be incorporated into a

2

written instrument by reference must be so referred to and described in the instrument that the paper **may be identified beyond all reasonable doubt**." *Id.* at 615 (quotation omitted) (emphasis added). Because there are numerous technical specification documents, and the Supply Agreement did not name them specifically, no single one—including any incorporating an alleged 20-year warranty—is identified "beyond all reasonable doubt."

This is the exact lack of specificity that was contemplated by *GE Transportation Parts*:

> 'A party will not be bound to the terms of any document unless it is clearly identified in the agreement.' [*PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1201 (2d Cir. 1996).] This is 'an exacting standard' and 'vague references to documents not specifically identified do not suffice.' *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 163 (S.D.N.Y. 2014) (quotation omitted). For example, 'a general reference' to a 'Bank's "rules" and "regulations"' is insufficient to incorporate another document, because it only 'makes reference to a general class of extrinsic documents rather than to a specific document.' *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-cv-10254, 2007 WL 1288592, *4 (S.D.N.Y. Apr. 30, 2007). The bare reference in § 10.2 to Plaintiff's 'specifications' is not sufficient to meet this standard and incorporate the [specific specification] by reference. Something more was required.

*Id.* Here, just as in *GE Transportation Parts*, the Supply Agreement references only a general class of extrinsic documents—"specifications." There is no specific reference in the Supply Agreement to a specific document (as is required) that would arguably incorporate the 20-year useful life engineering calculation from a technical specification into the express warranty; the only identification of any

3

specific technical specification has been in the pleadings in this case—not in the Supply Agreement itself. Therefore, the Supply Agreement is lacking the requisite "something more," and the specifications are not incorporated therein.

Finally, Plaintiff argues that Section 9.3 of the Original Purchase Terms provides for a "Serial Defect"—a purported "alternative express warranty" whereby if goods exhibit "the same or similar defect or non-conformity as a prior defective or non-conforming good," then SKF shall replace the non-conforming goods "irrespective of whether the goods actually exhibit the nonconformity" and even if the nonconformity is not found within the 24-month warranty period. Opp. [Doc. 81 at 12] (quoting Original Purchase Terms § 9.3).

What GERNA fails to tell the Court is that Section 9.3 provides a condition precedent to a "Serial Defect" and that condition has not occurred:

> To determine if a defective or nonconforming good is not in conformity with Seller's warranty obligations under Section 9.1(c) and (d), Seller will conduct a root cause analysis ('RCA') with Buyer's cooperation, unless the cause of such defect or nonconformity is apparent or a prior RCA has been conducted on the same or similar defect or nonconformity. Buyer may also conduct its own RCA. . . . Notwithstanding the foregoing, in the event that the defective or nonconforming good exhibits the same or similar defect or nonconformity as a prior defective or nonconforming good **which was the subject of a prior RCA** (a 'Serial Defect'), the previous RCA, for such defect or nonconformity shall be determinative and in such event Seller shall replace the defective or

4

> nonconforming goods irrespective of whether the goods actually exhibit the nonconformity or defect and be responsible for all direct damages, costs and expenses emanating from the defective or nonconforming goods, including without limitation, all installation and removal costs.

Original Purchase Terms [Doc. 80-4 at 15, § 9.3] (emphasis added). Thus, before GERNA can avail itself of any so-called "alternative express warranty" that it asserts lifts its express warranty claim out of the 24-month express warranty provisions of Section 9.1 and 9.2 of the Original Purchase Terms, it must allege that there was a "prior RCA" that concluded there was a defect or nonconformity. GERNA does not do so. Rather, GERNA explicitly alleges in its Amended Complaint that "neither GERNA nor SKF has been able to determine a root cause of the failures." Am. Compl. [Doc. 22 at 9, ¶ 35]; *see also* [*id.* at 10-11, ¶¶ 38, 39]. Absent allegations that there was a root cause analysis that determined the root cause of a defect or nonconformity, much less a "prior RCA" that did so, GERNA's attempt to invoke the Serial Defect provision in Section 9.3 of the Original Purchase Terms fails as a matter of law.

5

II. **GERNA UNEQUIVOCALLY DISCLAIMED THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.**

GERNA's arguments that its explicit waiver of the implied warranty of fitness for a particular purpose is not applicable here fails for several reasons.[1]

**First**, GERNA argues "even assuming that the disclaimer [of implied warranties] in the Supply Agreement applies, the Supply Agreement expired on December 31, 2018." Opp. [Doc. 81 at 17]. GERNA does not address why its assumption that the disclaimer in the Supply Agreement applies is not otherwise correct, and thus concedes, at a minimum, that all purchases through December 31, 2018, are governed by the waiver.

**Second**, GERNA argues that neither the 2016 Purchase Terms nor the 2018 Purchase Terms carry any such waiver of the implied warranty. Opp. [Doc. 81 at 18]. Implicit in that argument, however, is a conflict between those purchase terms and the Supply Agreement. But as the Southern District of New York previously concluded in this matter, the Supply Agreement unequivocally provides that "**if there was a conflict between the terms of the Supply Agreement and Purchase Terms, the Parties agreed that the Supply Agreement takes precedence**." *GE*

---

[1] GERNA's reliance on *Shop Vac Corporation v. BCL Magnetics Limited* (Opp. [Doc. 81 at 17]) is unpersuasive and inapposite because, unlike here, there was no warranty disclaimer language at issue in that dispute. No. 04-CV-262, 2005 WL 2739161, at *5 (N.D.N.Y. Oct. 24, 2005).

*Renewables N. Am., LLC v. SKF USA Inc.*, No. 23 Civ. 9274 (PKC), 2025 WL 437890, at *9 (S.D.N.Y. Feb. 7, 2025) (emphasis added). Indeed, GERNA's opposition concedes that in the case of any conflict, the Supply Agreement establishes an order of precedence under which the Supply Agreement controls before any of the other agreements or orders. Opp. [Doc. 81 at 7–8]. Thus, the waiver of implied warranties in the Supply Agreement is applicable to all main bearing purchases through, at a minimum, December 31, 2018.

**Third**, GERNA argues that the Court cannot consider Addendum No. 3—which extends the Supply Agreement (and its waiver of implied warranties) to December 31, 2020—on SKF's Motion. [Doc. 81 at 17–18]. As an initial matter, and as GERNA's cited case law makes clear, it is irrelevant that GERNA's Amended Complaint "does not address … Addendum Number Three." [*Id.* at 18] (*citing McClure v. Toyota Motor Corp.*, 759 F. Supp. 3d 1333 (N.D. Ga. 2024). Instead, the applicable standard provides that the Court may consider a document that is both "(1) <u>central</u> to the plaintiff's claims; and (2) undisputed, meaning that its **authenticity is not challenged**." *McClure*, 759 F. Supp. 3d at 1343 n.2 (granting defendants' request for judicial notice) (emphasis added, citation and internal quotations omitted). Both requirements are met here.

*First*, the Addendum is central to GERNA's claim for Breach of Implied Warranty. In support of its claims, GERNA's Complaint references and quotes the

7

Supply Agreement, as well as Addendum No. 2 to the Supply Agreement. *See* Am. Compl. [Doc. 22 at 4–5, 7, 10]. Addendum No. 3, which extended the Supply Agreement—and the parties' agreement to waive implied warranties—is certainly central to GERNA's implied warranty claim.

*Second*, GERNA does not challenge the Addendum's authenticity. Instead, GERNA disputes the "applicability" of the Addendum, as well as, apparently, the enforceability of the Addendum, arguing that the Addendum is unsigned. Opp. [Doc. 81 at 18]. Both of those issues are legal questions for the Court on a motion to dismiss and are irrelevant to whether the Court should consider the Addendum on SKF's Motion. Indeed, GERNA's arguments here are similar to arguments that Judge Ross rejected in *Pick v. Raffensperger*, 1:24-CV-01607-ELR, 2024 WL 5277391 (N.D. Ga. Nov. 22, 2024). In *Pick*, plaintiff argued that the court should exclude from consideration certain documents attached to defendant's motion to dismiss because those documents were not "authenticated," "contain[ed] hearsay," and were "incomplete." *Id.* at *2 n. 4. Judge Ross rejected plaintiff's argument because plaintiff did not challenge the authenticity of the documents. *See id.*

The same is true here. GERNA does not challenge the **authenticity** of the Addendum. Because the Addendum is both central to GERNA's implied warranty claim, and GERNA does not challenge its authenticity, the Court can and should consider Addendum No. 3 on SKF's Motion. *See id.*; *see also Laibe Corp. v. Gen.*

8

*Pump & Well, Inc.*, 317 Ga. App. 827, 830 (2012) ("[I]t would be patently absurd to conclude that the written contract, of which those warranties are a 'legal consequence,' is irrelevant or inapplicable to a motion to dismiss a claim for breach of those warranties—especially when the written agreement is alleged to disclaim the same.").

Properly considered, the Addendum extends the Supply Agreement, and its waiver of the implied warranty of fitness for a particular purpose, through December 31, 2020. Because GERNA does not allege any purchases after December 22, 2020, the waiver of implied warranties applies to all the main bearings at issue.

## **CONCLUSION**

GERNA has failed to state a claim for both breach of express warranty and breach of the implied warranty of fitness for a particular purpose, accordingly, the Court should dismiss both claims pursuant to Fed. R. Civ. P. 12(b)(6).

| | | |
|---|---|---|
| Dated: | June 19, 2025<br>Atlanta, Georgia | Respectfully submitted,<br><br>**Christopher D. Kanne**<br>Stefanie Wayco<br>Georgia Bar No. 132932<br>Christopher D. Kanne<br>Georgia Bar No. 627081<br>DUANE MORRIS LLP<br>1075 Peachtree Street NE, Suite 1700<br>Atlanta, Georgia 30309-3929<br>Telephone: +1 404 253 6900<br>Email: SMWayco@duanemorris.com<br>Email: cdkanne@duanemorris.com<br><br>Christopher W. Healy (*pro hac vice*)<br>C. Neil Gray (*pro hac vice*)<br>John I. Coster IV (*pro hac vice*)<br>DUANE MORRIS LLP<br>335 Madison Avenue, 23rd Floor<br>New York, New York 10017-4669<br>Telephone: +1 212 692 1000<br>Email: CNGray@duanemorris.com<br>Email: CWHealy@duanemorris.com<br>Email: CICoster@duanemorris.com<br><br>*Attorneys for Defendant SKF USA Inc.* |

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document filed with the Clerk of Court has been prepared in 14-point Times New Roman font, in accordance with Local Rule 5.1(C).

Dated: June 19, 2025                                            **Christopher Kanne**
                                                                                Georgia Bar No. 627081

12

**CERTIFICATE OF SERVICE**

This is to certify that I have filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically generate notice of filing to parties of record.

Dated: June 19, 2025                          **Christopher Kanne**
                                               Georgia Bar No. 627081