**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GE RENEWABLES NORTH AMERICA, LLC,<br>Plaintiff,<br>v.<br>SKF USA INC.,<br>Defendant. | Case No. 1:25-cv-1157-VMC |

**<u>CONSENT MOTION TO MODIFY SCHEDULING ORDER</u>**

Plaintiff GE Renewables North America, LLC ("GE") and Defendant SKF USA Inc. ("SKF") (collectively, the "Parties"), by and through their respective undersigned counsel, jointly and respectfully move for an extension of the deadline to complete fact discovery and for a corresponding modification of certain subsequent deadlines in the Scheduling Order [Doc. 105]. The parties' request extends the completion of the overall discovery schedule beyond its current deadline of April 16, 2027 by only two weeks—to April 30, 2027.

As required by Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), the Parties certify that this motion is timely and that good cause exists to grant the requested extension. In support, and in accordance with N.D. Ga. L.R. 26.2(B) and Section III(a) of the Court's Standing Order [Doc. 74], the Parties state as follows:

1. The Parties jointly request an extension of the deadline to complete certain fact discovery and for a corresponding modification of certain subsequent deadlines in the Scheduling Order [Doc. 105]. The Parties' request extends the completion of the overall discovery schedule beyond its current deadline by only two weeks.

2. Counsel for the Parties conferred via videoconference and phone call regarding this Motion. The Parties consent to the requested extensions.

3. This is the third request for an extension of time to complete discovery. The Court previously granted the Parties' requests at [95] and [104]. This request, however, changes interim deadlines, and makes only a modest extension to the overall discovery schedule beyond its current deadline.

4. **Good Cause Exists to Grant the Requested Extension**. Good cause exists under Fed. R. Civ. P. 16(b)(4) because, despite the Parties' diligence, the parties need additional time to schedule numerous fact witness depositions and to complete fact discovery.[1]

[1] Independent of the deposition scheduling considerations described herein, SKF has served subpoenas on a number of third parties pursuant to Fed. R. Civ. P. 45, and SKF anticipates that at least two of those subpoenas will result in motion practice with the recipients in the United States District Court for the place of compliance. SKF contends the time needed to resolve those disputes and obtain the subpoenaed discovery constitutes an additional and independent basis for good cause under Fed. R. Civ. P. 16(b)(4).

a. The Parties Have Exercised Diligence. This is a highly complex case, in part because (i) the factual issues are exceptionally complex; (ii) there exists a greater than typical volume of evidence; (iii) multiple experts are required; (iv) discovery is needed outside of the United States' boundaries; and (v) the case raises highly technical issues [*see* Doc. 76, at 2];

b. The Parties have exchanged availability, and are currently in the process of scheduling fact witness depositions. Because the witnesses are geographically dispersed across the country in many cities, and in order to accommodate the witnesses and counsel's availability, it has become impractical to complete the depositions before the current fact discovery deadline of October 30, 2026. Additionally, planning through the end of the year and upcoming holidays poses additional scheduling difficulties. Accordingly, the Parties' request to be permitted to schedule and complete fact witness depositions up through and including January 22, 2027.

c. The Parties have been cooperating on work with experts. To accommodate later scheduled fact witness depositions, the Parties request a further adjustment to the expert discovery schedule as follows: Deadline for expert reports on issues for which a party bears the burden of proof is moved to February 12, 2027; Deadline for rebuttal expert reports is moved to March 19, 2027; Deadline to complete expert discovery is moved to April 30, 2027.

d. The Parties have also agreed to permit the taking of certain specified fact witness depositions outside the fact discovery period. The Parties agree that they will not object to the use of these depositions based on them being taken outside of the fact discovery period. The use of these depositions at trial, however, remains subject to all other objections.

e. The Request is Timely. The Parties jointly file this Motion within the discovery period.

5. **The Extension Will Not Prejudice Any Party**. The extension will not prejudice either party. Rather, it will serve the interests of justice and efficiency by allowing for a complete and proportional discovery process, thereby avoiding piecemeal discovery disputes. The requested extension will not expand the scope of discovery. As noted, despite moving interim deadlines, this revision includes only a minimal, two-week extension of the overall discovery schedule beyond the current final deadline.

6. **Proposed Amended Schedule.** The Parties propose the following amended schedule:

| | |
|---|---|
| Initial Disclosures | June 30, 2025 (Deadline Unchanged) |
| Substantial Completion of Document Production | April 30, 2026 (Deadline Unchanged) |

| | |
|---|---|
| Completion of Fact Discovery and Deadline to Complete Fact Witness Depositions | *Previously: October 30, 2026*<br>*Modified to: January 22, 2027* |
| Expert Reports (on issues for which a party bears the burden of proof) | *Previously: January 15, 2027*<br>*Modified to: February 12, 2027* |
| Rebuttal Expert Reports | *Previously: February 19, 2027*<br>*Modified to: March 19, 2027* |
| Completion of Expert Discovery | *Previously: April 16, 2027*<br>*Modified to: April 30, 2027* |

7. A proposed order is attached for the Court's convenience. It finds good cause and incorporates the amended schedule table.

**WHEREFORE,** the Parties respectfully request that the Court grant this Motion.

[*Signature page follows.*]

Respectfully submitted this 22nd day of October, 2026.

***/s/ Tiana S. Mykkeltvedt***
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
Ronan P. Doherty
Georgia Bar No. 224885
E. Allen Page
Georgia Bar No. 640163
Kyle R. Tau
Georgia Bar No. 862517
BONDURANT, MIXSON &
ELMORE, LLP
3900 One Atlantic Center
1201 West Peachtree Street, NW
Atlanta, Georgia 30309
Telephone: +1 404 881 4100
Facsimile: +1 404 881 4111
doherty@bmelaw.com
mykkeltvedt@bmelaw.com
page@bmelaw.com
tau@bmelaw.com

*Counsel for Plaintiff*

***/s/ C. Neil Gray***
C. Neil Gray (*admitted pro hac vice*)
DUANE MORRIS LLP
22 Vanderbilt
335 Madison Ave., 23rd Floor
New York, NY 10017-4669
Telephone: +1 212-692-1061
Facsimile: +1 212-409-8876
CNGray@duanemorris.com
***Signed with express permission*

*Counsel for Defendant*

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document filed with the Clerk of Court has been prepared in 14-point Times New Roman font, in accordance with Local Rule 5.1(C).

Dated: October 22, 2026.

***/s/ Tiana S. Mykkeltvedt***
Tiana S. Mykkeltvedt
Georgia Bar No. 533512

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing CONSENT MOTION TO MODIFY SCHEDULING ORDER with the Clerk of the Court using the CM/ECF system, which will automatically generate notice of filing to parties of record.

Dated: October 22, 2026.

***/s/ Tiana S. Mykkeltvedt***
Tiana S. Mykkeltvedt
Georgia Bar No. 533512